FILED

November 3 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 370N

CHIEF DULL KNIFE COLLEGE, a tribal
community college chartered by the
Northern Cheyenne Tribe,

        Plaintiff and Appellant,

    v.

ARTHUR McDONALD, DOREEN POND
and JAMES TORSKE,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                  In and For the County of Rosebud, Cause No. DV-2002-037
                  Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                James L. Vogel, Vogel & Wald, PLLC, Hardin, Montana

                Brian W. Chestnut, Ziontz, Chestnut, Varnell, Berley & Slonim,
                Seattle, Washington

        For Appellees Arthur McDonald and Doreen Pond:

                Allen P. Lanning, Conklin, Nybo & Lanning, P.C., Great Falls, Montana

        For Appellee James Torske:

                John G. Crist, Michael K. Rapkoch, Crist, Krogh & Nord, LLC,
                Billings, Montana

                                Submitted on Briefs:  October 8, 2009

                                      Decided:  November 3, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Chief Dull Knife College ("the College") appeals from an order of the Sixteenth Judicial District Court, Rosebud County, granting summary judgment in favor of former President of the College Arthur McDonald; former Vice President of the College Doreen Pond; and former legal counsel for the College James Torske.

¶3 This case arises out of the creation of the Morning Star Memorial Foundation ("the Foundation") and the transfer of significant assets from the College to the Foundation. The College is a tribally chartered community college in Lame Deer, Montana. In the 1990's, the College's Board, with the assistance of Torske, created the Foundation as a 501(c)(3) not-for-profit corporation to hold and invest College assets. In 1992, the College Board duly adopted a resolution to transfer the College's endowment assets to the Foundation. By 1995, the College had transferred between $1.7 million and $2 million of the College's assets to the Foundation. In 1995, Alonzo Spang, the President of the College at that time, became concerned that the College's assets "were disappearing" under the Foundation's control. Consequently, the College asked for an accounting from the Foundation. When an accounting was not provided, the College

requested the return of the assets. The Foundation Board responded that the assets were gifted to the Foundation by the College and that the Foundation need not return the assets. In May 2002, the College filed the present action alleging, among other things, professional malpractice against Torske, and breach of fiduciary duties against McDonald and Pond.

¶4 The District Court ultimately granted summary judgment in favor of Torske, McDonald and Pond on the basis that the relevant statutes of limitation had run long before the College filed its complaint. On appeal, the College argues that it complied with the applicable statutes of limitation because the damages that flowed from all of the claims did not accrue until June 2000 when the College was damaged by the Foundation's refusal to return the assets.

¶5 This Court reviews summary judgment orders de novo, under the same criteria applied by the District Court. *Town & Country Foods, Inc. v. City of Bozeman*, 2009 MT 72, ¶ 12, 349 Mont. 453, 203 P.3d 1283. We review questions of law to determine whether the District Court's conclusions of law are correct. *Erler v. Creative Finance & Investments*, 2009 MT 36, ¶ 16, 349 Mont. 207, 203 P.3d 744.

¶6 Having reviewed the record, the District Court's Memorandum and Order, and the parties' arguments on appeal, we conclude that the District Court properly granted summary judgment in favor of Torske, McDonald and Pond based on the College's failure to comply with the statutes of limitation.

¶7 With regard to Torske, legal malpractice actions "must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have

4

discovered the act, error, or omission, whichever occurs last . . . ." Section 27-2-206, MCA. The College claims that because of the complexity of the transfer documents, it did not discover there was a problem until December 1999, and it was not damaged until June 2000 when the Foundation refused to return the assets.

> [T]he law in Montana for legal malpractice actions is that the statute of limitations does not begin to run until both the "discovery rule" and the "accrual rule" have been satisfied. Hence, the statute of limitations in a legal malpractice action does not begin to run until the negligent act was, or should have been discovered, *and* all elements of the legal malpractice claim, including damages, have occurred.

*Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 40, 321 Mont. 432, 92 P.3d 620.

¶8 In this case, the District Court concluded that the documents Torske drafted and the actions he took to create the Foundation and transfer College assets to the Foundation were sufficiently clear so that the College should have known that it was being damaged at the time these documents were created in the early 1990's. Moreover, Torske ceased acting as the College's legal counsel in July 1997. The College filed this action against Torske on May 17, 2002, nearly five years after Torske had engaged in the allegedly wrongful conduct. Thus, we hold that the District Court appropriately dismissed the claims against Torske because the College's complaint was untimely.

¶9 With regard to McDonald and Pond, the statute of limitations for a breach of fiduciary obligations is three years. Section 27-2-202(3), MCA. McDonald and Pond ceased to be College officers at the end of August 1995. Any breach of fiduciary obligations would have occurred during their tenure with the College. Therefore, as the District Court properly concluded, the statute of limitations for the College's claims of

breach of fiduciary obligations ran by the end of August 1998. Since the College's complaint was not filed until 2002, any potential relief is time barred by § 27-2-202(3), MCA. Thus, we hold that the District Court did not err in granting summary judgment in favor of McDonald and Pond based on the applicable statute of limitations.

¶10 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion that the College's complaint was untimely.

¶11 Affirmed.

/S/ JAMES C. NELSON

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS